

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-24-2008

# Cao-Liu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1658

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Cao-Liu v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1332.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1332

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1658
_____

PING CAO-LIU,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A98-717-860 )
Immigration Judge:  Honorable Alberto J. Riefkohl

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 2, 2008

Before: FUENTES, WEIS and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:   April 24, 2008)
_____

OPINION
_____

PER CURIAM

        Ping Cao-Liu petitions for review of the Board of Immigration Appeals' ("BIA")

order dismissing his appeal from the Immigration Judge's ("IJ") denial of his applications

for asylum, withholding of removal, and relief under the Convention Against Torture

("CAT"). For the reasons set forth below, we will grant the petition for review and remand for further proceedings consistent with this opinion.

Cao, a native and citizen of the People's Republic of China, entered the United States without inspection on December 24, 2004. Four days later, Cao was served with a Notice to Appear charging him as an alien present in the United States without being admitted or paroled. See INA § 212(a)(6)(A)(i) (8 U.S.C. § 1182(a)(6)(A)(i)). On May 5, 2005, Cao submitted applications for asylum, withholding of removal, and relief under the CAT on the ground that he had been persecuted for practicing Falun Gong in China.

At his December 15, 2005 removal proceedings, Cao testified that the Chinese government had punished his family for practicing Falun Gong on several occasions. The first incident took place in August 1999, when both his parents were arrested and detained for their Falun Gong activities. His parents were arrested again on January 20, 2004, and this time, Cao's younger brother was arrested as well. Chinese authorities sent Cao's parents to a labor camp for six months and detained his brother for one month, during which time he was repeatedly beaten. Then, in September 2004, Cao himself was arrested while practicing Falun Gong at a friend's house. He was beaten and detained for one month. Cao and his brother left China approximately six weeks after Cao was released. Cao eventually settled in Neptune, New Jersey, and his brother settled in New York City.

2

Following the hearing, the Immigration Judge denied Cao's applications and ordered that he be removed to China pursuant to the charges in the Notice to Appear. The IJ found Cao to be "honest" and "not evasive," but nevertheless denied his application on the ground that he had failed to provide sufficient evidence to corroborate his story. In particular, the IJ believed that Cao should have asked his brother to attend the hearing in order to corroborate Cao's account of the persecution he suffered in China. Upon review, the BIA agreed, stating that, "the respondent's brother lives in nearby New York, but failed to appear at the hearing to present testimony despite having personal knowledge regarding the alleged persecution in this case." Accordingly, the BIA affirmed the IJ's decision on February 9, 2007. The present petition for review followed.

We have jurisdiction to review final orders of removal pursuant to 8 U.S.C. § 1252(a)(1). See Abdulai v. Ashcroft, 239 F.3d 542, 548 (3d Cir. 2001). Where, as here, the BIA defers to the IJ's findings, we review the IJ's decision to assess whether the BIA's decision to defer was appropriate. See id. at 549 n.2. We review an IJ's factual findings, including his determination of whether an alien was subject to persecution, under the substantial evidence standard. Shardar v. Ashcroft, 382 F.3d 318, 323 (3d Cir. 2004).

To establish eligibility for asylum, an applicant must demonstrate past persecution or a well-founded fear of persecution that is both subjectively and objectively reasonable. Singh v. Gonzales, 406 F.3d 191, 195 (3d Cir. 2005). An applicant who establishes that

he or she has suffered past persecution on account of one of the five grounds enumerated in the INA "triggers a rebuttable presumption of a well-founded fear of future persecution, as long as that fear is related to the past persecution." Id. at 196 (citing 8 C.F.R. § 208.13(b)(1)) (quotation omitted).

In the present case, Cao sought to qualify for asylum by demonstrating that he had suffered past persecution for practicing Falun Gong. See 8 U.S.C. § 1101(a)(42)(A). The IJ found that although Cao's testimony was credible, he failed to meet his burden of proof because he failed to corroborate his testimony with that of his brother. While we have held that in certain circumstances, an IJ may require an otherwise credible asylum applicant to provide corroborating evidence in order to meet his burden of proof, see Abdulai, 239 F.3d at 554, we do not believe that it was reasonable for the IJ to expect the brother's corroboration here. Cao testified that when he was arrested in 2004, he was not at home but at a friend's house, and nothing else in the record suggests that Cao's brother had any knowledge of the circumstances surrounding Cao's arrest. Furthermore, when Cao was asked why his brother did not attend, Cao explained that he rarely sees his brother, and that his brother had to work on the day of the hearing. Given this evidence, it was not reasonable for the IJ and the BIA to require the brother's testimony.

Therefore, we conclude that the justification for denying Cao's application for asylum is not supported by substantial evidence. Moreover, to the extent that the IJ and BIA relied on this lack of corroboration to deny Cao's applications for withholding of

4

removal and relief under the CAT, these decisions are not supported by substantial evidence.

Accordingly, we will grant the petition for review, vacate the BIA's order and remand to the BIA with directions to remand to the IJ to grant Cao-Liu's petition for asylum.